| | |
|---|---|
| JTH TAX, INC., d/b/a LIBERTY TAX SERVICE, ET AL. | Plaintiffs |
| v. | |
| FREEDOM TAX, INC., ET AL. | Defendants/Third-Party Plaintiffs |
| V. | |
| REPUBLIC BANK & TRUST COMPANY | Third-Party Defendant |

\* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs JTH Tax, Inc., d/b/a Liberty Tax Service ("JTH"), and Siempretax+, LLC ("Siempre Tax") (collectively, "Liberty") filed a complaint against Defendants Freedom Tax, Inc. ("Freedom") and Adisa Selimovic ("Selimovic") seeking relief for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125, et seq., and the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq. [DE 1; DE 33]. Freedom and Selimovic (collectively, "Third-Party Plaintiffs") filed an Answer and Affirmative Defenses [DE 42], and brought counterclaims against Liberty and a third-party complaint against Republic Bank & Trust Company ("Republic"). In the third-party complaint, Third-Party Plaintiffs allege tortious interference in prospective economic advantage and breach of contract. *Id.* at 914-915. Republic now moves to dismiss the third-party complaint. [DE 55]. Briefing is complete, and the motion is ripe. [DE 59; DE 62]. For the reasons below, the Court **GRANTS** Republic's Motion.

# I.     BACKGROUND

Liberty is a franchisor of Liberty Tax Service®. [DE 33 at ¶ 19]. Liberty owns various Liberty Tax Service® trademarks, service marks, logos, and derivations ("the Marks"), which are registered with the United States Patent and Trademark Office. *Id.* at ¶ 20. Liberty is also a franchisor of the Liberty Tax Service® tax-preparation system, which sells income tax-preparation and filing services and products to the public under the Marks. *Id.* at ¶ 20. Liberty grants licenses to franchisees to use the Marks and participate in its confidential and proprietary business system through written franchise agreements. *Id.* at ¶ 23.

Freedom is a tax-preparation service with eight locations in Kentucky, Indiana, and California. [DE 31 at 716]. Selimovic incorporated Freedom in 2017 and is president of the company. *Id.* at 715. Selimovic was also an officer of The Franchise Corp., a now-defunct tax-preparation business incorporated, owned, and operated by Marcus Warren. [DE 26, Tr. PI Hearing at 562:1–4]. The Franchise Corp. and Warren, both non-parties, were signatories to franchise agreements with Liberty (the "Franchise Agreements"). [See DE 33-1]. Neither Freedom nor Selimovic was a signatory to the Franchise Agreements or any other agreements with Liberty. [*Id.*; DE 22-1 at ¶ 3].

Under the Franchise Agreements, Warren owned several now-defunct Liberty Tax Service® franchises in Kentucky, Indiana, and California. [DE 33 at ¶ 27]. As part of the Franchise Agreements, Liberty provided Warren and The Franchise Corp., among other things, training in franchise operations, marketing, advertising, sales, and business systems, as well as confidential operating, marketing, and advertising materials unavailable to the public. *Id.* at ¶ 32.

In January, 2018, Freedom entered into a Republic Bank Tax Refund Solutions ERO Agreement (the "Agreement"), which "governed the participation of [Freedom], as an electronic

return originator . . . in Republic Bank's 'Electronic Bank Product Program' (the 'Program') for the 2018–2019 tax season." [DE 62-1 at 1071]. The Program allowed "a taxpayer, acting with [Freedom] as his or her agent" to "apply for certain banking products offered by Republic Bank, such as tax-refund." *Id.*

Because of several violations of the Franchise Agreements, Liberty sent Notices to Cure Default to all Franchise Locations notifying Warren and The Franchise Corp. of various breaches of the Franchise Agreements. [DE 33 at ¶ 35]. After providing the requisite notice and opportunity to cure, Liberty terminated the Franchise Agreements. *Id.* at ¶ 36.

On January 30, 2018, Liberty sued Warren and The Franchise Corp. in the United District Court for the Eastern District of Virginia, alleging breach of the Franchise Agreements and trademark infringement.

On February 1, 2019, Liberty sued Freedom and Selimovic in this Court, alleging that:

> Defendants Selimovic and Freedom Tax have collectively conspired with a former Liberty franchisee, Marcus Warren, to secretly and improperly transfer the Franchise Business and assets from Warren to Defendants without Liberty's knowledge or contractually required consent. Further, Defendants have misappropriated Liberty's marks, manual and system, in an effort to operate a competing tax preparation business under the name "Freedom Tax" to circumvent and avoid the non-competition, post-termination, and non-solicitation provisions set forth in Warren's Liberty Tax Service® Franchise Agreements with Liberty.

*Id.* at 775-776.

On June 6, 2019, Freedom and Selimovic ("Third-Party Plaintiffs") sued Republic in this Court, alleging that:

> On or about February 20, 2019, [Semilovic] received a phone call from a representative of Republic Bank advising that Liberty Tax directed Republic Bank to terminate all of FTI's services with Republic Bank.
>
> When [Semilovic] inquired why, she was advised Liberty Tax sent Republic Bank a Notice of Breach of Franchise Agreement that alleged breach of a separate

agreement with Liberty Tax (which was unrelated to Third-Party Plaintiffs' agreement with Republic Bank).

In fact, [Semilovic] was never a Liberty Tax franchisee, never signed a franchise agreement, and was not then, nor ever was, contractually obligated to Liberty Tax in any way.

On the other hand, Third-Party Plaintiffs had, until unilaterally terminated by Republic Bank, a contractual relationship via Third-Party Plaintiffs' Republic Bank Account.

Notably, the Liberty Parties and Republic Bank waited until the "peak" of tax season to take action against Third-Party Plaintiffs.

Approximately 70% of Third-Party Plaintiffs' clients use the bank products Republic Bank provided, and as a result of the Liberty Parties' interference, and Republic Bank's improper, unilateral termination, the Third-Party Plaintiffs were seriously harmed during the 2019 tax season.

Specifically, because Third-Party Plaintiffs were unable to offer a substantial number of tax-related products and services, they lost more than sixty thousand dollars ($60,000) in profits.

[DE 42 at ¶ 11-17].

## II. **STANDARD**

In a diversity action, such as this one, the Court applies "the substantive law of the forum state and federal procedural law." *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*,

4

561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." Impleader is available only when the third-party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim. *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). Thus, "a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant." *Id.* (citing *Stiber v. United States*, 60 F.R.D. 668, 670 (E.D. Pa.1973) ("Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim.")). "By its own language, Rule 14 requires an indemnity claim in order to bring in a third-party defendant whereby the defendant is attempting to transfer liability from himself to a third-party defendant in the event he is found to be liable to the plaintiff." *Wells*

5

*Fargo Bank v. Gilleland*, 621 F.Supp.2d 545, 547 (N.D.Ohio 2009); *see Cooper*, 512 F.3d at 805 ("The third-party complaint is in the nature of an indemnity or contribution claim"). It is thus "rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim." *Cooper*, 512 F.3d at 805.

"Underlying Rule 14 is a desire to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." *Id.* (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1441 (2d ed. 1990)) (internal quotation marks omitted).

### III. DISCUSSION

Third-Party Plaintiffs articulate two causes of action against Republic: tortious interference with prospective economic advantage and breach of contract. [DE 42 at 914-915]. Republic contends that the third-party complaint must be dismissed because Third-Party Plaintiffs have not properly alleged the material elements of either claim. [DE 55 at 994-995]. Third-Party Plaintiffs disagree, arguing they have done so. [DE 59 at 1031].

The Court agrees that the third-party complaint must be dismissed, but for a different reason than that advanced by Republic. The Court finds that it must dismiss the third-party complaint because it improperly seeks to implead Republic for separate causes of action that do not affect Third-Party Plaintiffs' liability in this case. By failing to satisfy the requirements of Rule 14, the third-complaint fails to state a claim upon which relief may be granted and therefore must be dismissed. *See State Auto. Mut. Ins. Co. v. Burrell*, No. CV 5:17-300-DCR, 2018 WL 2024617, at *4 (E.D. Ky. May 1, 2018) (applying Kentucky law and dismissing third-party complaint under Rule 12(b)(6)); *see Porter Casino Resort, Inc. v. Georgia Gaming Inv., LLC*, No.

18-2231, 2019 WL 3431746, at *3 (W.D. Tenn. July 30, 2019) (dismissing third-party complaint under Rule 12(b)(6) for failure to state a claim); *see* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1460 (3d ed.) ("Although Rule 14(a) has never expressly provided for a motion to dismiss third-party claims, the federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them.").

First, Rule 14 requires that Third-Party Plaintiffs' claims be based "upon the original plaintiff's claim against the defendant." Here, the third-party complaint is based on Republic's allegedly improper termination of the Agreement. It is not based on Third-Party Plaintiffs' alleged conspiracy to "secretly and improperly transfer the Franchise Business and assets" or to misappropriate Liberty's "marks, manual and system." The third-party complaint, which states an independent, but related cause of action, is thus not based on the original action. *Cooper*, 512 F.3d at 805 ("Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant"). Rule 14 further requires that Third-Party Plaintiffs' claims depend on and be derivative of the claims in the original action. *See Gookin v. Altus Capital Partners, Inc.*, No. CIV.A. 05-179-JBC, 2006 WL 7132020, at *3 (E.D. Ky. Mar. 24, 2006) ("Liability is derivative where it is dependent on the determination of liability in the original action"). The third-party complaint here also fails to satisfy this requirement.

Second, the third-party complaint must also be "in the nature of an indemnity or contribution claim." *Cooper*, 512 F.3d at 805. Under Kentucky law, the right to indemnity "is available to one exposed to liability because of the wrongful act of another" but who is not equally

7

at fault with the wrongdoers. *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000).

A right to indemnification arises in two scenarios:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment;
>
> or
>
> (2) Where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury

*Id.* (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (1934)). "The right to contribution arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages." *Id.* at 778.

Republic cannot indemnify Third-Party Plaintiffs because they have not been "exposed to liability" because of a wrongful act Republic committed against Liberty. In fact, no party has alleged that Republic has wronged Liberty. Third-Party Plaintiffs have also not pled that they are "an innocent master . . . held to respond" for the tort of Republic, their servant. Nor have they pled that both they and Republic are at fault in the original action, but that Republic is the "primary and efficient cause of the injury." Third-Party Plaintiffs, likewise, cannot maintain a contribution action against Republic because Liberty alleged intentional, not negligent actions, and Republic played no role in the original action. Based on the allegations in the third-party complaint, Third-Party Plaintiffs have failed to plead that Republic has to indemnify or contribute to them in the original action. They have thus failed to state a claim under Rule 14 on which relief can be granted.

Finally, allowing Third-Party Plaintiffs to continue to prosecute its third-party complaint after the underlying action has been dismissed does not further Rule 14's purpose to prevent a

"situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." It is "rare that a court . . . dismisses the underlying action but nonetheless chooses to address a third-party claim." *Cooper*, 512 F.3d at 805-806 (6th Cir. 2008) (affirming district court's dismissal of third-party complaint, stating "[h]owever, once the underlying action was settled, the continuing viability of Cooper Tire's third-party complaint, as a derivative action, came under question and the district court did not abuse its discretion in dismissing the action . . . It was also Cooper Tire's choice to agree to the Stipulated Order of Dismissal that dismissed its counterclaim against American Zurich with prejudice"). This is not that "rare" situation: Third-Party Plaintiffs have not sufficiently pled indemnity or contribution and thus not satisfied the requirements of Rule 14(a). As a result, under Rule 12 (b)(6), the third-party complaint must be dismissed.

## IV. CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS** that Republic's Motion to Dismiss [DE 55] the Third-Party Plaintiffs' Complaint against Republic [DE 42] is **GRANTED** and the Third-Party Plaintiffs' Complaint against Republic is **DISMISSED**, without prejudice.

Cc: Counsel of record